IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHAJUANA BELL, INDIVIDUALLY AND AS
A PARENT AND ON BEHALF OF CARVER
BELL, JR., A MINOR,                                                                   PLAINTIFF,

VS.                                                              CIVIL ACTION NO. 4:07CV004-P-B

WESTERN LINE SCHOOL DISTRICT; ET AL.,                            DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Defendants' motion to dismiss the plaintiff's federal claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [21] and Defendant Mary McKenzie's joinder therein [23]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

The plaintiff, Shajuana Bell, filed in the instant lawsuit on behalf of herself and her minor son, Carver Bell, Jr., on August 23, 2006. The defendants removed the action to federal court on January 3, 2007. In her Complaint the plaintiff seeks actual and punitive damages, declaratory and injunctive relief, attorneys fees, and costs pursuant to unspecified state-law causes of action and 42 U.S.C. § 1983 for deprivation of liberty and property interests in violation of the substantive and procedural Due Process Clauses of the Fifth and Fourteenth Amendments as well as the Equal Protection Clause of the Fourteenth Amendment.

The Complaint alleges that on August 24, 2005 two students, Carver Bell, Jr. and Victor Harris, while in Mary McKenzie's fifth grade social studies class at O'Bannon Elementary School of the Western Line School District, got into a "minor altercation" whereupon Ms. McKenzie took Carver to the front of the room and paddled him multiple times with a stick or a paddle in front of the other students and continued to paddle him outside in the hall, without doing the same to the other student. Carver went to the emergency room for pain and bruising and he received counseling.

The plaintiff alleges that no one at the school informed them of the paddling and when Carver told her of it, she went to the school to meet with the principal and Ms. McKenzie the next day. At the meeting, the plaintiff states that the principal admitted that there is a policy requiring a teacher who wishes to administer corporal punishment to do so in the presence of a principal or assistant principal and that policy was not followed. The plaintiff also states that Ms. McKenzie admitted that she did not know of the policy and did not follow it in her administration of corporal punishment.

Furthermore, the plaintiff alleges that Ms. McKenzie began retaliating against Carver for reporting her administration of corporal punishment by sending him to the principal's office for things he did not do.

The defendants move for dismissal of the plaintiff's federal claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that it is well-settled in the Fifth Circuit that the plaintiff cannot recover under § 1983 for corporal punishment since there are adequate state remedies available.

## II. DISCUSSION

### A. Rule 12(b)(6) Standards

In deciding a motion to dismiss under Rule 12(b)(6) the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir.2004).

### B. Analysis

To state a valid cause of action under § 1983, the plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

> With regard to corporal punishment, the Fifth Circuit in *Moore* observed:
>
> We have held consistently that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage. In *Fee v. Herndon,* [900 F.2d 804, 807 (5th Cir. 1999)] we reiterated that "[c]orporal punishment in public schools 'is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining

an atmosphere conducive to learning.' " Educators in states that proscribe student mistreatment and provide a remedy "do not, by definition, act 'arbitrarily,' a necessary predicate for substantive due process relief."

*Moore*, 233 F.3d at 784-75. In both *Moore* and *Fee*, the Fifth Circuit determined that Texas law did in fact afford adequate post-punishment civil or criminal remedies and therefore affirmed dismissal of those plaintiffs' lawsuits. Similarly, the Fifth Circuit held in *Flores v. Sch. Bd. of DeSoto Parish*, 116 Fed. Appx. 504, 509 (5th Cir. 2004) that Louisiana afforded students adequate remedy through state law.

Thus, the issue at hand is whether Mississippi likewise provides adequate post-punishment remedies to a student alleging to have been subject to excessive corporal punishment.

Miss. Code Ann. § 37-11-57(1) provides in pertinent part:

Except in the case of excessive force or cruel and unusual punishment, a teacher, assistant teacher, principal, or an assistant principal acting within the course and scope of his employment shall not be liable for any action carried out in conformity with state or federal law or rules or regulations of the State Board of Education or the local school board regarding the control, discipline, suspension and expulsion of students.

Subsection (2) of § 37-11-57 provides that corporal punishment must be administered in a reasonable manner and a teacher will not be held liable for civil damages arising from the administration of corporal punishment "unless the court determines that the teacher ... acted in bad faith or with malicious purpose or in a manner exhibiting a wanton and willful disregard of human rights or safety."

Pursuant to Miss. Code Ann. § 11-46-9(1)(x):

A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... Arising out of the administration of corporal punishment or the taking of any action to maintain control and discipline of students, as defined in Section 37-11-57, by a teacher, assistant

4

teacher, principal or assistant principal of a public school district in the state unless the teacher, assistant teacher, principal or assistant principal acted in bad faith or with malicious purpose or in a manner exhibiting a wanton and willful disregard of human rights or safety.

The plaintiff argues that Mississippi law contradicts itself regarding liability for the administration of unreasonable corporal punishment given that § 11-46-9(1)(x) states that the governmental entity shall not be liable unless the plaintiff proves "bad faith or with malicious purpose or in a manner exhibiting a wanton and willful disregard of human rights or safety," yet §§ 11-46-7(2) and 11-46-5(2) provide that the governmental entity shall not be liable if the plaintiff proves "the employee's conduct constituted fraud, malice, libel, slander, defamation, or any criminal offense."

While "malicious purpose" and "malice" appear analogous, the plaintiff's argument that there is an apparent contradiction is vitiated by the more specific language regarding corporal punishment in §§ 37-11-57 and 11-46-9(1)(x). In other words, the specific treatment of corporal punishment in the MTCA's § 11-46-9(1)(x) would trump any apparent contradiction created between that section and §§ 11-46-7(2) and 11-46-5(2).

The plaintiff also argues that Mississippi law is inadequate to remedy an allegedly unreasonable administration of corporal punishment because Mississippi does not allow for a jury trial, § 11-46-13(1), has a cap on damages, § 11-46-15(1)(c), and does not allow for punitive damages or attorneys' fees or costs, § 11-46-15(2).

The defendants are correct, however, that the legal remedies available to the plaintiff under § 1983 are also limited since: (1) a negligence claim is not available under § 1983, *Daniels v. Williams,* 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a

*negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); (2) the plaintiff has no claim against the School District for any application of excessive corporal punishment by one its employees under the *respondeat superior* doctrine given she does not challenge the constitutionality of the School District' corporal punishment policy, *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (to sue governmental entity for isolated act by governmental employee, plaintiff must point to "policy" or "custom" that caused his injury); and (3) the plaintiff has not demonstrated that the state-law remedies are "meaningless" or "nonexistent."

In any event, the question is not whether Mississippi state law provides remedies satisfactory to the plaintiff for excessive corporal punishment. Rather, the question is whether those state-law remedies are adequate. Having reviewed the matter, the court concludes that Mississippi's state-law remedies are adequate given that an aggrieved parent may sue the teacher and the school district for excessive corporal punishment in state court pursuant to §§ 37-11-57 and 11-46-9(1)(x). *See Scott v. Smith*, 214 F.3d 1349, 2000 WL 633583 (5th Cir. 2000) (unpublished opinion) ("We agree with the district court that Mississippi provides adequate state law remedies such that neither substantive nor procedural due process rights are implicated" in a claim of excessive corporal punishment).

### III. CONCLUSION

For the reasons discussed above, the court concludes that even after construing the complaint liberally with all reasonable inferences drawn in the light most favorable to the plaintiff, it is certain that the plaintiff cannot prove any set of facts that would entitle her to the federal relief she seeks under § 1983 because Mississippi provides adequate state-law remedies for claims of excessive corporal punishment pursuant to Miss. Code Ann. §§ 37-11-57 and 11-46-9(1)(x). Therefore, the Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ.

P. 12(b)(6) should be granted and the plaintiff's federal claims should be dismissed with prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over her state-law claims and therefore concludes that this case should be remanded to the Circuit Court of Washington County from whence it came. Accordingly, a Final Judgment shall issue forthwith, **THIS DAY** of August 7, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE